**Bernard Columbus WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00871–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 27, 1998.

Discretionary Review Refused Nov. 18, 1998.

Georgianne Spiller, Houston, for appellant.

Carmen Castillo Mitchell, Houston, for appellee.

Before Chief Justice MURPHY and Justices YATES and DRAUGHN.*

## OPINION

MURPHY, Chief Justice.

Appellant, Bernard Columbus Williams, entered a plea of not guilty to the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 1994).

---

* Senior Justice Joe L. Draughn sitting by assignment.

He was convicted and the jury assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon Supp. 1998), at life imprisonment in the Texas Department of Criminal Justice–Institutional Division. In five points of error, appellant challenges his conviction and sentence. We affirm.

## I. Background

On January 25, 1994, appellant entered a watch and jewelry store and requested to view various pieces of merchandise. After approximately fifteen minutes had elapsed, he displayed a handgun and told the store's clerk ("complainant") to do as he instructed. While pointing the handgun at the complainant, he instructed her to take the store's solid gold watches out of the jewelry case. He then ordered the complainant to lie on the floor. When she arose from the floor a few minutes later, appellant had taken twelve watches and was no longer in sight.

Appellant pawned one of the watches that afternoon at a local pawn shop. The manager of the pawn shop discovered, a week later, that the pawned watch was a stolen watch[1] and he contacted the Houston Police Department. Two weeks after the manager had notified the police, appellant returned to the shop with a similar watch to the one he had already pawned. The manager stalled appellant and notified the police. The police arrived before appellant was able to leave and arrested him.

Appellant was charged with aggravated robbery due to his use and exhibition of a deadly weapon during the course of the theft. The State also alleged an enhancement paragraph concerning a California felony conviction for grand theft auto. The jury adjudged appellant guilty of aggravated robbery and found the enhancement allegation to be true.

Appellant raises five points of error to challenge his conviction and sentence. His first and second points of error challenge the sufficiency of the evidence supporting his conviction. His third and fourth points of error challenge the sufficiency of the evidence supporting the finding on enhancement. His fifth point of error asserts the trial court committed reversible error in failing to grant his motion to appoint new counsel.

## II. Discussion

### A. Sufficiency challenges to the conviction

■ In his first point of error, appellant contends the evidence was legally insufficient to support his conviction because the State failed to prove the weapon he allegedly used was a firearm. We review challenges to the legal sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The determination of legal sufficiency is made as a matter of law, and, succinctly stated, means "the case should never have been submitted to the jury." *Clewis v. State,* 922 S.W.2d 126, 132–33 (Tex.Crim.App.1996).

■ Appellant was indicted on the charge of aggravated robbery under TEX. PENAL CODE ANN. § 29.03(a)(2). Although only required, under section 29.03(a)(2), to allege he used or exhibited a deadly weapon in the commission of the robbery, the State specifically averred that he had used a "firearm." Because it specifically averred a firearm was used, the State took on the burden of proving, beyond a reasonable doubt, that appellant employed such a weapon in the commission of the offense.[2]

---

1. The manager was able to tell the watch was stolen by referring to a memorandum, listing stolen watches and their serial numbers, apparently circulated by the Houston Police Department.

2. We believe the sufficiency of the evidence in the present case must be analyzed according to the essential elements as contained in the indict-ment. *Cf. Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781 (sufficiency reviewed according to the essential elements of a crime). The Court of Criminal Appeals has recently held, in its opinion in *Malik v. State,* that "sufficiency of the evidence should be measured by the elements of the offense as defined by a *hypothetically correct jury charge* for the case." 953 S.W.2d 234, 240

*See Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983) (where "unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated").

Appellant argues the complainant made the only testimonial reference about the weapon he used and asserts she referred to the weapon as a "gun." He notes the words "gun" and "firearm" are not interchangeable, and that a gun, unlike a firearm, is not a deadly weapon *per se. See Ex parte Grabow,* 705 S.W.2d 150, 151 (Tex.Crim.App.1986).

The distinction between a gun and firearm has primarily been developed along the means the weapon uses in discharging a projectile. *See* TEX. PENAL CODE ANN. § 46.01(3) (Vernon 1994) (defining firearm); *Mosely v. State,* 545 S.W.2d 144, 145–46 (Tex. Crim.App.1977) (B.B. gun, which uses compressed air to discharge projectile, is not deadly weapon). *But see Corte v. State,* 630 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd) (CO2 pellet gun became deadly weapon in means of use). A firearm is statutorily defined as "a device using the energy generated by an explosion or burning substance to expel a projectile through a barrel." *See* TEX. PENAL CODE ANN. § 46.01(3). *An object commonly referred to as a "gun" may actually fall under the legal rubric "firearm" depending on whether it discharges a projectile consistent with the quoted statutory definition. See Pritchett v. State,* 874 S.W.2d 168, 178 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). For example, a "handgun" uses the energy generated by an explosion to expel a projectile through a barrel, and, thus, is considered a "firearm," and, correlatively, a *per se* deadly weapon. *See id.* (citing *Walker v. State,* 543 S.W.2d 634, 636–37 (Tex. Crim.App.1976)).

In the present case, the complainant's testimony clearly demonstrated appellant's weapon was a handgun. She testified that the weapon was a "black, metal-like gun," without a chamber at the side to indicate it was a revolver. She also noted the barrel of the gun came to a "square at the front where the bullets come out." Furthermore, she demonstratively identified the weapon as being similar to a handgun exhibited at trial. We hold, in viewing the evidence in a light most favorable to the prosecution and permitting the jury to draw reasonable inferences and make reasonable deductions from the evidence presented at trial, the evidence was legally sufficient to support the jury's finding that appellant committed aggravated robbery through the use of a "firearm." *See Benavides v. State,* 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd).

We overrule appellant's first point of error.

In his second point of error, appellant contends the evidence was, nevertheless, factually insufficient to support the jury's finding of guilt because the State failed to prove the weapon allegedly used was a firearm. Appellant correctly notes that we conduct a factual sufficiency review on a different standard than that used for legal sufficiency. *See Clewis v. State,* 922 S.W.2d at 129. In conducting a factual sufficiency review, we view "all the evidence without the prism of 'in the light most favorable to the prosecution ... and set[ ] aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* Notwithstanding our ability to conduct factual sufficiency review under the aforementioned standard, our role is *"not ...* to 'find' facts, or substitute [our] judgment for that of the jury." *Id.* at 135.

In light of the complainant's testimony on the weapon used to commit the robbery, we hold the jury's finding was not "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* at 129. Thus, the evidence was factually sufficient to support the jury's verdict.

(1997). Nevertheless, a hypothetically correct jury charge must reflect the elements of a criminal offense as set out in the indictment. *See id.* at 239–240 (a hypothetically correct jury charge "would be one that accurately sets out the law, *is authorized by the indictment,* does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability"). Therefore, although the use of a *firearm* is not necessarily an essential element of aggravated robbery, the State assented to its "essentiality" in the present case by averring in the indictment that the deadly weapon was a firearm.

We overrule appellant's second point of error.

**B. Sufficiency challenges to the enhancement**

■ In his third point of error, appellant contends the evidence was insufficient to support the jury's finding of true to the enhancement paragraph because the State failed to prove the cause number of the conviction, the county of the conviction, the state of the conviction, the trial court of the conviction, and the offense constituting the conviction in accordance with the allegations in the indictment. The indictment contained the following allegation:

> Before the commission of the offense alleged above, hereinafter styled the primary offense, on DECEMBER 26, 1985, in Cause No. A093176, in the SUPERIOR Court of LOS ANGELES County, CALIFORNIA, the Defendant was convicted of the felony of GRAND THEFT AUTO.

■ Under Texas law, the State must prove beyond a reasonable doubt its enhancement case as alleged in the charging instrument. *See Williams v. State,* 899 S.W.2d 13, 14 (Tex.App.—San Antonio 1995, no pet.); *Jingles v. State,* 752 S.W.2d 126, 129 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Nevertheless, because the purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State, "[i]t is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Crim. App.1986); *see Cole v. State,* 611 S.W.2d 79, 82 (Tex.Crim.App. [Panel Op.] 1981). This lax standard for enhancement allegations has given rise to the doctrine of variance. *See Freda,* 704 S.W.2d at 42. The inquiry under the doctrine of variance is whether a "variance was such as to mislead the defendant to his prejudice." *Id.* Thus, absent proof of prejudicial surprise, a variance between the allegations in an indictment and the proof presented at trial is not material and does not require reversal. *See id.* at 42–43.

At the punishment hearing, the State introduced the testimony of an expert on fingerprints to testify that appellant's prints matched those on a record from the California Department of Justice. The State relied solely on that record to provide the proof of his prior conviction. The record demonstrates appellant was convicted of the felony crime of taking of a vehicle without the owner's consent, not grand theft auto. Viewing the evidence in the light most favorable to the jury's finding,[3] cf. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781 the record shows the following facts: (1) appellant was arrested in California on October 21, 1985, by the Beverly Hills Police Department; (2) he was charged with the felony of grand theft auto under section 487.3 of the California Penal Code; (3) he was also charged with the felony of taking a vehicle without the owner's consent under section 10851 of the California Vehicle Code; (4) after the State filed an information with Superior Court District No. 19190, appellant entered a plea of guilty on December 26, 1985, to the felony charge of taking a vehicle without the owner's consent; and (5) he was sentenced to two years confinement to run concurrently with other sentences he had received in other cause numbers. At the point in the record indicating appellant entered a guilty plea, the record shows the headings "Charges at Disposition" and "Section and Code" and sets out the following notation "10851VC—Ct. 1 DWOC." The "10851VC" clearly refers to section 10851 of the California Vehicle Code—the statutory provision setting out the crime of taking of a vehicle without an owner's consent, see CAL. VEHICLE CODE § 10851 (West Supp.1998), and the "DWOC" is easily interpreted to mean "driving without owner's consent." Although we are unable to confidently interpret the meaning of the "Ct. 1" notation, there is no section number or any other notation at this point of the record to indicate appellant remained

---

**3.** Under the facts of this case, we give deference to the State's averments on what the record contains. The State's averments are helpful due to the somewhat cryptic content of the California record. Nevertheless, where the interpretations of the notations in the record are obvious to us, we rely upon our own interpretation.

charged with grand theft auto when the trial court disposed of his case on December 26, 1985. Thus, we believe the only reasonable interpretation of the record is that, at the time of the disposition of the case, appellant was only charged with taking a vehicle without consent.

Nevertheless, Williams does not offer any evidence to show the variance surprised him to his prejudice, and thus, fails to show a ground for reversal. *See Freda v. State*, 704 S.W.2d at 43. The Court of Criminal Appeals affirmed an enhancement under similar circumstances in *Freda v. State. See id.* In *Freda*, the court held that the proof the defendant was previously convicted of conspiracy to commit bank robbery, although it had been alleged in the indictment he had been convicted of bank robbery, was not fatal and did not require reversal because the defendant failed to show the evidence surprised him to his prejudice. *See id.; see also Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.—Tyler 1995, pet. ref'd) (affirming conviction where the allegation and proof both showed the proper cause number, the date of the conviction, the number and location of the convicting court, and the fact the offense was a felony, although there was a variance in the name of the prior offense).

Williams, likewise, fails to allege other variances in proof surprised him to his prejudice. In accordance with the allegation, the record of Williams's previous conviction shows the California trial court heard his guilty plea and disposed of the taking without owner's consent charges on December 26, 1985, and it indicates the case was heard under "file no." A093176.[4] Although the record also correctly matches the allegation for the state of conviction—California—it does not clearly demonstrate the conviction was returned in the superior court of Los Angeles County, California. The record notes the arresting/booking agency as the "Beverly Hills Police Dept." and the court as "S.C. JUD. DIST. NO. 19190." Nevertheless, Williams again fails to show any evidence that this variance was material and surprised him to his prejudice. *See Freda*, 704 S.W.2d at 43.

Therefore, finding Williams's claims insufficient to state a ground for reversal, we overrule his third point of error. *See* TEX. R. APP. P. 44.2.

■ In his fourth point of error, appellant contends the evidence was insufficient to support the jury's finding of true to the enhancement paragraph because the State failed to prove the cause number, the county, the state, the trial court, and the offense of the conviction as required by the trial court's charge to the jury. The jury charge contained the same enhancement allegation as set out in the indictment.[5] Thus, having found the evidence was sufficient to support the finding of true to the enhancement paragraph contained in the indictment, we similarly find the evidence was sufficient to support the finding of true to the enhancement paragraph contained in the jury charge.

We overrule appellant's fourth point of error.

## C. Appointment of new trial counsel

■ In his fifth point of error, appellant asserts the trial court committed reversible error in failing to grant his motion to appoint new counsel because he had a substantial conflict with his appointed trial counsel. He contends he received ineffective assistance of counsel due to the conflict.

■ We disagree with appellant's contentions. First, beyond his bare assertion that he received ineffective assistance of counsel,

---

4. We do not believe, and Williams does not contend, that the variance between the number of the case being labeled as a cause number or a file number is sufficient to constitute a fatal variance.

5. As we noted in footnote 2, *supra*, the Court of Criminal Appeals has recently held that sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953

S.W.2d at 240. We reiterate our position that a hypothetically correct jury charge should reflect the allegations set out in the indictment and assert that the evidence in the present case, which was sufficient to sustain Williams's sentence enhancement in accordance with the allegations in the indictment, is likewise sufficient to sustain the enhancement in accordance with a hypothetically correct jury charge.

appellant is unable to show how he received deficient representation that prejudiced the outcome of his trial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The right to effective assistance of counsel does not place the trial court under the duty "to search for a counsel until an attorney is found who is agreeable to the accused." *Solis v. State*, 792 S.W.2d 95, 100 (Tex.Crim.App.1990).

Second, the trial court did not abuse its discretion in denying appellant's request because "the right to counsel cannot be insisted upon in such a way as to obstruct the orderly administration of justice." *Gonzales v. State*, 532 S.W.2d 343, 345 (Tex.Crim.App. 1976); *see also Marin v. State*, 891 S.W.2d 267, 274 (Tex.Crim.App.1994) (Meyers, J., concurring) ("[a] trial judge is free under most circumstances to deny outright a request for the substitution of appointed counsel, particularly when such request comes near the date of trial"). The record shows the trial court conducted a hearing on his motion to withdraw appointed counsel on the day of trial and denied the request, noting trial was set for that day and that his counsel was already the third attorney appointed for him.

We overrule appellant's fifth point of error.

### III. Conclusion

We affirm the judgment of the trial court.