COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-323-CR
 
  
JEROMAR 
D. RHODES                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant 
Jeromar D. Rhodes appeals his conviction for aggravated robbery with a deadly 
weapon.  The jury found Rhodes guilty, and the trial court sentenced him to 
thirty-one years’ confinement.  In one point, Rhodes argues that the 
evidence was factually insufficient to support the finding that the alleged 
deadly weapon was a firearm and therefore was not sufficient to support his 
aggravated robbery conviction.  We will affirm.
II. Factual 
Background
        As 
Craig Carvajal was arriving for work one evening at the Holiday Inn South, a man 
wearing a football jersey approached him, and he saw another person come out of 
the shadows.  The man in the jersey pulled out a gun and demanded 
Carvajal’s wallet, and Carvajal froze.  While he was still “frozen,” 
Carvajal “heard a clicking like the gun being adjusted.”  The man 
pulled the gun up to Carvajal, pointed it right at him, and said, “I said 
now.”  Carvajal dropped his lunch bag, immediately reached for his 
wallet, pulled it out, and handed it to the man.  The man grabbed 
Carvajal’s wallet, ran towards the back of the hotel, and left in a 
dark-colored Ford Explorer.
        Carvajal 
ran to the front of the hotel and told Paige Norsworthy, the assistant general 
manager of the hotel, that he had been robbed at gunpoint; Norsworthy then got 
in his car and attempted to follow the Ford Explorer.  Norsworthy caught up 
with the Ford Explorer to get the license plate number, which police later used 
to catch Rhodes.  Carvajal identified Rhodes in a photospread and at trial 
as the person who robbed him at gunpoint.
III. Factual 
Sufficiency Standard of Review
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  “This standard 
acknowledges that evidence of guilt can ‘preponderate’ in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt.”  Id. at 485.  In other words, evidence 
supporting a guilty finding can outweigh the contrary proof but still be 
insufficient to prove the elements of an offense beyond a reasonable 
doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87.  An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 
603 (Tex. Crim. App. 2003).
IV. Factually 
Sufficient Evidence Exists To Support Conviction
        In 
his sole point, Rhodes argues that the evidence is factually insufficient to 
support the finding that the deadly weapon used was a firearm as alleged in the 
indictment and that therefore the evidence is not sufficient to support the 
aggravated robbery conviction.  Specifically, Rhodes complains that 
“[t]he State produced no evidence that the alleged weapon was a device 
designed, made, or adapted to expel a projectile through a barrel by using the 
energy generated by an explosion or burning substance or any device readily 
convertible to that use”; and contends that without evidence that the weapon 
was an actual firearm, the State did not muster sufficient evidence to support 
the firearm component in the indictment.
        Proof 
of the use and exhibition of a deadly weapon is an essential element of the 
offense of aggravated robbery.  Gomez v. State, 685 S.W.2d 333, 336 
(Tex. Crim. App. 1985).  A firearm is per se a deadly weapon.  See 
Tex. Penal Code Ann. § 
1.07(a)(17)(A) (Vernon Supp. 2004-05).  Additionally, a firearm need not be 
serviceable to be classified as a deadly weapon.  Toy v. State, 855 
S.W.2d 153, 159 (Tex. App.—Houston [14th Dist.] 1993, no pet.).  
Testimony using any of the terms “gun,” “pistol,” or “revolver” is 
sufficient to authorize the jury to find that a deadly weapon was used.  Wright 
v. State, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979).  
Evidence that the gun was exhibited is also evidence of its use.  Maxwell 
v. State, 756 S.W.2d 855, 858 (Tex. App.—Austin 1988, pet. ref’d).
        Here, 
the record demonstrates that Carvajal testified at some length about the gun 
that Rhodes displayed during the robbery and his reaction to it.  When 
Rhodes first approached Carvajal, Carvajal testified that he was not afraid 
because he assumed that Rhodes was a hotel guest who was coming to ask him a 
question.  However, once Rhodes pulled out the gun, Carvajal froze; he 
testified that he felt like he was in danger because he thought that he was 
going to be killed.  Carvajal described the gun to police as a black 
semiautomatic pistol.  He believed that the gun was capable of discharging, 
even though the gun was never discharged.  When Carvajal was asked if the 
gun looked like a toy gun, he said, “Absolutely not,” and relied on his 
experience in the military for the comparison.  Carvajal testified that he 
heard Rhodes adjust the gun, Carvajal was asked whether the sound was like a toy 
gun, to which he replied, “Absolutely not.  It was the sound of 
metal.”  The gun was not located.
        Viewing 
all the evidence in a neutral light, favoring neither party, we conclude that 
the evidence supporting the verdict, taken alone, is not too weak to support the 
jury’s determination beyond a reasonable doubt that Rhodes used or exhibited a 
firearm and that the contrary evidence is not so strong that Rhodes’s use or 
exhibition of a firearm cannot be proven beyond a reasonable doubt.  Thus, 
we hold that the evidence is factually sufficient to support Rhodes’s 
conviction for aggravated robbery with a deadly weapon.  See Williams v. 
State, 980 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1998, pet. 
ref’d) (holding complainant’s testimony that weapon was “black, metal-like 
gun” similar to a handgun constituted factually sufficient evidence to support 
finding that firearm was used in aggravated robbery).  We overrule 
Rhodes’s sole point.
V. Conclusion
        Having 
overruled Rhodes’s sole point, we affirm the trial court’s judgment.
  
    
                                                          PER 
CURIAM
  
  
 
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.