Jeromar D. Rhodes v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-323-CR

JEROMAR D. RHODES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jeromar D. Rhodes appeals his conviction for aggravated robbery with a deadly weapon.  The jury found Rhodes guilty, and the trial court sentenced him to thirty-one years’ confinement.  In one point, Rhodes argues that the evidence was factually insufficient to support the finding that the alleged deadly weapon was a firearm and therefore was not sufficient to support his aggravated robbery conviction.  We will affirm.

II.  Factual Background

As Craig Carvajal was arriving for work one evening at the Holiday Inn South, a man wearing a football jersey approached him, and he saw another person come out of the shadows.  The man in the jersey pulled out a gun and demanded Carvajal’s wallet, and Carvajal froze.  While he was still “frozen,” Carvajal “heard a clicking like the gun being adjusted.”  The man pulled the gun up to Carvajal, pointed it right at him, and said, “I said now.”  Carvajal dropped his lunch bag, immediately reached for his wallet, pulled it out, and handed it to the man.  The man grabbed Carvajal’s wallet, ran towards the back of the hotel, and left in a dark-colored Ford Explorer. 

Carvajal ran to the front of the hotel and told Paige Norsworthy, the assistant general manager of the hotel, that he had been robbed at gunpoint; Norsworthy then got in his car and attempted to follow the Ford Explorer. Norsworthy caught up with the Ford Explorer to get the license plate number, which police later used to catch Rhodes.  Carvajal identified Rhodes in a photospread and at trial as the person who robbed him at gunpoint. 

III.  Factual Sufficiency Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

IV.  Factually Sufficient Evidence Exists To Support Conviction

In his sole point, Rhodes argues that the evidence is factually insufficient to support the finding that the deadly weapon used was a firearm as alleged in the indictment and that therefore the evidence is not sufficient to support the aggravated robbery conviction.  Specifically, Rhodes complains that “[t]he State produced no evidence that the alleged weapon was a device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use”; and contends that without evidence that the weapon was an actual firearm, the State did not muster sufficient evidence to support the firearm component in the indictment. 

Proof of the use and exhibition of a deadly weapon is an essential element of the offense of aggravated robbery. 
 
Gomez v. State
, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985).  A firearm is per se a deadly weapon.  
See 
Tex. Penal Code Ann.
 § 1.07(a)(17)(A) (Vernon Supp. 2004-05).  Additionally, a firearm need not be serviceable to be classified as a deadly weapon.  
Toy v. State
, 855 S.W.2d 153, 159 (Tex. App.—Houston [14th Dist.] 1993, no pet.).  Testimony using any of the terms “gun,” “pistol,” or “revolver” is sufficient to authorize the jury to find that a deadly weapon was used.  
Wright v. State,
 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979).  Evidence that the gun was exhibited is also evidence of its use.  
Maxwell v. State
, 756 S.W.2d 855, 858 (Tex. App.—Austin 1988, pet. ref’d).

Here, the record demonstrates that Carvajal testified at some length about the gun that Rhodes displayed during the robbery and his reaction to it.  When Rhodes first approached Carvajal, Carvajal testified that he was not afraid because he assumed that Rhodes was a hotel guest who was coming to ask him a question.  However, once Rhodes pulled out the gun, Carvajal froze; he testified that he felt like he was in danger because he thought that he was going to be killed.  Carvajal described the gun to police as a black semiautomatic pistol.  He believed that the gun was capable of discharging, even though the gun was never discharged.  When Carvajal was asked if the gun looked like a toy gun, he said, “Absolutely not,” and relied on his experience in the military for the comparison.  Carvajal testified that he heard Rhodes adjust the gun, Carvajal was asked whether the sound was like a toy gun, to which he replied, “Absolutely not.  It was the sound of metal.”  The gun was not located.

Viewing all the evidence in a neutral light, favoring neither party, we conclude that the evidence supporting the verdict, taken alone, is not too weak to support the jury’s determination beyond a reasonable doubt that Rhodes used or exhibited a firearm and that the contrary evidence is not so strong that Rhodes’s use or exhibition of a firearm cannot be proven beyond a reasonable doubt.  Thus, we hold that the evidence is factually sufficient to support Rhodes’s conviction for aggravated robbery with a deadly weapon.  
See Williams v. State
, 980 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (holding complainant’s testimony that weapon was “black, metal-like gun” similar to a handgun constituted factually sufficient evidence to support finding that firearm was used in aggravated robbery).  We overrule Rhodes’s sole point.

V.  Conclusion

Having overruled Rhodes’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.