Affirmed and Memorandum Opinion filed August 16, 2005









Affirmed and Memorandum Opinion filed August 16, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00188-CR

____________

 

RANDY LEE NEWTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 951,714

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Randy Lee Newton, appeals from
his conviction for arson.  In three
issues, appellant argues that (1) the trial court erred in failing to suppress
a witness=s in-court identification of him because
it was tainted by an impermissibly suggestive pretrial identification
procedure, (2) the State failed to prove the allegations in an enhancement
paragraph, and (3) the trial court erred in denying his motion to suppress
based on an illegal search and seizure. 
We affirm.








A jury convicted appellant of arson based
on his setting fire to a car outside the home of his estranged wife, Linda
Shafer.  Shafer=s neighbor,
Michelle Fougeron, witnessed someone flee from the scene after she looked out
her window in response to her dogs barking loudly.  She called the police and described the
suspect and his vehicle.  An investigation
ensued, and appellant was detained the next day.  An arson investigator asked Fougeron to come
to a fire station where appellant was being held to see if she recognized
him.  Fougeron identified appellant as
the person she saw fleeing the scene of the fire.  At trial, Fougeron again identified appellant
as the man she saw that night.

In his first issue, appellant complains
that the out-of-court identification procedure was impermissibly suggestive,
thereby tainting Fougeron=s in-court identification, and thus, the
in-court identification should have been suppressed.  The day before trial, the trial court held a
hearing regarding the propriety of the out-of-court identification in which
appellant=s attorney argued that appellant=s Sixth Amendment
rights were violated because counsel was not present during the first
identification and that the identification procedures were suggestive,
stating:  

I would like to say that the
Defendant should have been afforded the right to have an attorney.  This violates his rights underneath the 6th
Amendment.  It violates his rights under
the due process of the 14th Amendment, and this whole procedure is highly suggestive
and that her testimony should be stricken to this investigation, the fact that
he was denied counsel.

The trial court denied appellant=s motion.  








At trial, when Fougeron again identified
appellant, no objection was made.  ATexas courts
stringently apply the contemporaneous objection rule in the context of
suggestive identification procedures.@  In re G.A.T., 16 S.W.3d 818, 827 (Tex.
App.CHouston [14th
Dist.] 2000, pet. denied) (citing Perry v. State, 703 S.W.2d 668, 670
(Tex. Crim. App. 1986)).  Though
appellant=s pretrial objection challenged the
propriety of the out-of-court identification, he did not argue that Fougeron
should be prohibited from making an in-court identification.  These are distinct arguments requiring
separate objections.  See Wallace v.
State, 75 S.W.3d 576, 584 (Tex. App.CTexarkana 2002) (AAn objection to
the [out-of-court photo] array does not preserve for appellate review any
complaint regarding the in-court identification.@), aff=d on other grounds, 106 S.W.3d 103
(Tex. Crim. App. 2003); Warren v. State, No. 01-98-00903-CR, 1999 WL
1208499, at *1 (Tex. App.CHouston [1st Dist.] Dec. 16, 1999, pet.
ref=d) (not designated
for publication) (holding that an objection to the admission of a photo spread
does not preserve error as to the out-of-court identification based on the
photos or to the in-court identification). 
Thus, appellant=s failure to object to Fougeron=s in-court
identification waived any such argument on appeal.  See Tex.
R. App. P. 33.1(a); Wallace, 75 S.W.3d at 584.  We overrule appellant=s first issue.

In his second issue, appellant challenges
the jury=s finding
regarding an enhancement paragraph.  The
indictment alleged two enhancement paragraphs. 
The first paragraph states that before the commission of the arson
offense, Ain Cause No. 16,547 C,@ appellant was
convicted of aggravated robbery.  The
second paragraph states that before the commission of the arson offense Aand after the
conviction in Cause No. 16,547 C was final,@ appellant was
convicted of felony theft Aon December 19,
1994 in the 232nd District Court of Harris County, Texas.@  During the punishment phase, appellant proved
that the cause number specified in the first paragraph was incorrect.  The jury found the first enhancement
paragraph not true but found the second one true.  Appellant challenges the legal and factual
sufficiency of the evidence to support the finding of true on the second
paragraph.

Under Texas law, the State must prove the
basis for enhancement true beyond a reasonable doubt.  Williams v. State, 980 S.W.2d 222, 226
(Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).  AIt is well settled
that a pen packet combined with fingerprint analysis linking the packet to the
defendant is sufficient proof of prior convictions.@  Varnes v. State, 63 S.W.3d 824, 834
(Tex. App.CHouston [14th Dist.] 2001, no pet.)
(citing Beck v. State, 719 S.W.2d 205, 209B10 (Tex. Crim.
App. 1986)).  The State introduced just
such evidence, which was clearly sufficient to prove the second enhancement
paragraph true.








Nevertheless, appellant argues that since
both enhancement paragraphs recite the incorrect cause number for the offense
alleged in the first paragraph and since the jury found the first paragraph not
true, the evidence is insufficient to sustain a finding of true to the second
paragraph because the second paragraph is conditioned on the first.  This argument is without merit.  The incorrect cause number for an unrelated
offense was extraneous information not necessary to the proof of the offense
alleged in the second paragraph.  Cf.
Straughter v. State, 801 S.W.2d 607, 611 (Tex. App.CHouston [1st
Dist.] 1990, no pet.) (proof of cause number not necessary to prove enhancement
offense).  Nothing in the wording of the
enhancement paragraphs makes them contingent on one another, and indeed, the
jury instructions specifically gave the option of finding only the second
paragraph true.  In short, neither the incorrect
cause number nor the jury=s finding of not true to the first
paragraph negates the State=s otherwise
sufficient proof as to the offense alleged in the second enhancement
paragraph.  Because the evidence is
legally and factually sufficient to support the jury=s finding, we
overrule appellant=s second issue.

In his third issue, appellant argues that
the description Fougeron gave to the police of the suspect and his vehicle were
so vague that they Awere inadequate to establish probable
cause to arrest Appellant or search Appellant=s residence or
vehicle.@  However, appellant made no argument regarding
the alleged vagueness of Fougeron=s description to
the trial court, arguing instead that the search of his home was invalid
because it was without a warrant. 
Because his objection to the trial court does not comport with his
objection on appeal, appellant has failed to preserve this argument for our
review.  Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App.
1998) (A[T]he point of error on appeal must
correspond to the objection made at trial.@). 
We overrule appellant=s third issue.

Having overruled each of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed August 16, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).