Opinion issued March 22, 2007






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01061-CR






ANDRE ALEXANDER PRICE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1026035






O P I N I O N

 A jury convicted appellant, Andre Alexander Price, of aggravated robbery and
assessed punishment at seven years' confinement. See Tex. Pen. Code Ann. § 29.03
(Vernon 2003). In his sole point of error, appellant contends that the evidence is
insufficient (1) to prove that he committed aggravated robbery because the State did not
prove that he used or exhibited a firearm.

 We affirm.

Facts

 At approximately 10:20 p.m. on March 20, 2005, two men robbed Ratnadheer
and Pallavi Ravula at their convenience store in Houston, Texas. One man stood
watch at the door while appellant forced two customers to lie face down on the floor,
pointed a gun at the Ravulas, and ordered them to give him cigarettes and the money
in the cash register. Although appellant wore a mask to cover his face, the Ravulas
recognized his eyes and voice as those of a regular customer; however, they did not
know his name. The next morning, appellant returned to the store seeking store credit
from Ratnadheer. When Ratnadheer confronted him about the robbery, appellant
apologized, saying "I'm straight. I won't do it next time. Don't tell the cops." Still
fearing for his safety, Ratnadheer gave appellant cigarettes without requiring
payment. Within a week, Ratnadheer had hired a night security guard and, several
months later, the Ravulas sold the store.

 On May 5, 2005, as Deputy W. Tipps was working a second job as a security
guard at the strip mall in which the Ravulas' store was located, a man identified
appellant, who was walking on the sidewalk in front of the store, as the man who had
robbed the Ravulas' store. Deputy Tipps approached appellant and asked his name
and birth date. After confirming that appellant was not wanted, Deputy Tipps let
appellant leave and then called Officer R. Sherrouse, who had been assigned to the
Ravulas' case, to share this information. Deputy Tipps then prepared two photo
arrays and presented them to the Ravulas; both Pallavi and Ratnadheer identified
appellant as the man who had robbed them at gunpoint.

 Both Pallavi and Ratnadheer testified at trial. Pallavi testified that appellant
put a gun in her face and ordered her and her husband to give him money and
cigarettes. Ratnadheer similarly testified that appellant, standing about an arms-length away, pointed a gun at him and ordered him and his wife to empty the cash
register. Both testified that they feared that appellant might hurt or even kill them. 
Officer Sherrouse testified that the video of the robbery showed one of the
perpetrators using a gun (2) to threaten the Ravulas. The jury also watched the video. 
However, neither Pallavi nor Ratnadheer gave a physical description of the gun; and
the gun was never recovered and was, therefore, not presented to the jury.

Standard of Review

 In his sole point of error, appellant argues that because the State failed to prove
that he used or exhibited a firearm the evidence is insufficient to prove that he
committed aggravated robbery.

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all the
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562. Analysis

 Appellant was indicted on the charge of aggravated robbery. Under the Texas
Penal Code, a person commits aggravated robbery if, during the commission of a
robbery, he "uses or exhibits a deadly weapon." Tex. Pen. Code Ann. § 29.03(a)(2). 
Although section 29.03(a)(2) of the Penal Code only requires the allegation that the
defendant used or exhibited a deadly weapon in the commission of the robbery, the
State specifically alleged that the deadly weapon in this case was a firearm. See id.;
Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). Because the State
specifically alleged that a firearm was used, it assumed the additional burden of
proving, beyond a reasonable doubt, that appellant employed such a weapon in the
commission of the offense. See Gomez, 685 S.W.2d at 336 ("[W]here the State
alleges unnecessary matter which is descriptive of the essential elements of the crime,
the State must prove the descriptive matter as alleged."). 

 The Penal Code defines a deadly weapon as "a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious bodily
injury" or "anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon Supp.
2006). By definition, therefore, a firearm is a deadly weapon. See id.; Ex parte
Huskins, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). Section 46.01 of the Penal
Code defines a firearm as "any device designed, made, or adapted to expel a projectile
through a barrel by using the energy generated by an explosion or burning substance
or any device readily convertible to that use." Tex. Pen. Code Ann. § 46.01(3)
(Vernon 2003).

 Here, Pallavi's and Ratnadheer's testimony referred only to a "gun." We
recognize that the term "gun" may be a broader term than "firearm" when taken out
of context and may include such nonlethal instruments as BB guns, blow guns, pop
guns, and grease guns. Davis v. State, 180 S.W.3d 277, 286 (Tex. App.--Texarkana
2005, no pet.) (citing O'Briant v. State, 556 S.W.2d 333, 336 (Tex. Crim. App.
1977)). The fact finder, however, is free to draw reasonable inferences and make
reasonable deductions from the evidence as presented within the context of the crime. 
Id. Thus, absent any specific indication to the contrary at trial, the jury may draw the
reasonable inference or make the reasonable deduction that the "gun" used in the
commission of a crime was a firearm. Id. (citing Wright v. State, 591 S.W.2d 458,
459 (Tex. Crim. App. [Panel Op.] 1979)).

 Here, Pallavi testified that appellant put a gun in her face and ordered her and
her husband to give him money and cigarettes. Ratnadheer similarly testified that
appellant, standing about an arms-length away, pointed a gun at him and ordered him
and his wife to empty the cash register. Both testified that they feared that appellant
might hurt or even kill them. As a result of the robbery, Ratnadheer hired a night
security guard and the Ravulas ultimately sold the store. Officer Sherrouse testified
that the video of the robbery showed one of the perpetrators using a gun to threaten
the Ravulas.

 We conclude, based on the evidence presented at trial, that a jury could have
found beyond a reasonable doubt that the "gun" which appellant used and exhibited
during the commission of the robbery was a firearm. See Tex. Pen. Code Ann.
§§ 1.07(a)(17), 29.03(a)(2). Given the fear with which the Ravulas reacted to the
gun, the testimony of Officer Sherrouse that appellant threatened the Ravulas with a
gun, and the fact that no evidence was presented suggesting that the gun was not a
firearm, we hold that the jury's finding that appellant used a firearm during the
robbery is a reasonable deduction from the evidence presented. See Davis, 180
S.W.3d at 286 (citing Wright, 591 S.W.2d at 459); see also Benavides v. State, 763
S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd) ("Appellant's
threatening the victim with the gun in itself suggests that it is a firearm rather than
merely a gun of the non-lethal variety. . . .").

 Appellant argues, however, that because the gun was never recovered, the State
was required to present evidence establishing that the gun was a firearm, but failed
to do so. To support his argument, appellant relies on two courts of appeals cases. 
See Lee v. State, 51 S.W.3d 365 (Tex. App.--Austin 2001, no pet.); Williams v. State,
980 S.W.2d 222 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). In Lee, the State
had alleged in the indictment that the deadly weapon used in the commission of the
robbery was "an air pistol that in the manner of its use or intended use [was] capable
of causing death and serious bodily injury." 51 S.W.3d at 371. The issue in Lee,
however, was not whether the weapon used was a firearm and, therefore, by
definition, a deadly weapon, (3) as here; the issue was whether the air pistol was actually
capable of causing death or serious bodily injury. Id. at 371-72.

 In Williams, the State had specifically alleged in the indictment that the
appellant had used a firearm in the commission of the robbery. 980 S.W.2d at 224. 
On appeal, the appellant argued that the complainant's references to the weapon as
a "gun" were insufficient to establish that he exhibited a firearm because a gun and
a firearm are not necessarily the same thing. Id. at 225. The court of appeals held,
however, that the complainant's additional testimony that "the weapon was a 'black,
metal-like gun'"and "the barrel of the gun came to a 'square at the front where the
bullets come out,'" and the fact that the complainant identified a handgun at trial as
similar to the one used in the commission of the robbery provided legally sufficient
evidence to support the jury's finding that the weapon used was a firearm. Id. 

 While this evidence physically describing and identifying the gun was certainly
relevant to the court's holding, the Williams court cited no authority--nor can we find
any--holding that this type of evidence was necessary. Rather, as the Corpus Christi
Court of Appeals stated in a similar case, "threatening the victim with the gun in itself
suggests that it [was] a firearm . . . . The added description of the gun . . . further
negate[d] any reasonable possibility that the gun [was] not a firearm." Benavides,
763 S.W.2d at 589 (emphasis added). Thus, the Williams court reviewed the
descriptive evidence not as a factor necessary to finding that the gun was a firearm,
but in the light most favorable to the verdict to determine whether, permitting
reasonable inferences and deductions from all the evidence presented, the jury could
have found that the weapon used by the appellant was a firearm. Williams, 980
S.W.2d at 225; see also Davis, 180 S.W.3d at 286 (citing Wright, 591 S.W.2d at 459).

 We overrule appellant's sole point of error.Conclusion

 We affirm the judgment of the trial court.




 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).
1. Although appellant sets forth the standard for a review of the factual sufficiency of the
evidence, his argument is purely a legal one. He makes no argument as to why, even if the
evidence were legally sufficient to show that he used or exhibited a firearm during the
commission of the robbery, the evidence is so weak that the jury's verdict was clearly wrong 
and manifestly unjust or why the verdict is against the great weight and preponderance of the
evidence. See Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000). Thus, we will
review the evidence for legal sufficiency only.
2. Although Officer Sherrouse neither testified that the particular gun he saw in the video was
a firearm nor gave a physical description of the gun, he did acknowledge that "a gun is also
considered or called a firearm" and that a firearm is a deadly weapon.
3. See Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon Supp. 2006); Ex parte Huskins,
176 S.W.3d 818, 820 (Tex. Crim. App. 2005).