Affirmed and Memorandum Opinion
filed February 18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00130-CR



Brian Rogers, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1127881



 

MEMORANDUM OPINION 

A jury convicted appellant Brian Rogers of aggravated
assault, and the trial court sentenced him to twenty years’ confinement.  He
challenges his conviction on the grounds that (1) the prosecutor gave an
unconstitutional explanation of proof beyond a reasonable doubt during voir
dire, (2) the evidence is factually insufficient to show that he used or
exhibited a firearm in the commission of the assault, and (3) he was denied the
effective assistance of counsel.  We affirm.

I.  Background

The State indicted appellant with the felony offense
of aggravated assault of a family member, his eight-year-old daughter Brenda.[1]  The
assault was not disputed at trial, only whether or not a firearm was used as
alleged in the indictment.  At his trial, the following evidence was presented.

In March 2007, appellant became angry about an
incident involving Brenda and her stepbrother, Zack, which had occurred two
days earlier.  Appellant took Brenda into a bedroom and interrogated her about
the incident.  Brenda claimed that appellant put a real gun to her head and told
her not to lie to him.  Appellant was visibly angry and yelled at Brenda during
the encounter, which frightened her and made her cry.  After threatening her
with the gun, appellant took Brenda to the kitchen, where he pushed her to the
floor, kicked her in the back and stomach, and lifted her by the shirt and
shoved her against the wall, telling her again not to lie to him.  Brenda’s
stepmother, Brandy, and Zack saw appellant kick and grab her.  After the
altercation, appellant took Brenda to his mother’s home.

At some point during the evening of the altercation,
appellant called Brenda’s mother, Yolanda, and told her he was going to kill
Brenda.  Yolanda then called Brandy, who told her more about the incident. 
Brandy also contacted the police and told them to go to appellant’s mother’s
home.  Yolanda drove to appellant’s mother’s home to pick up Brenda.  Police at
the scene questioned Brenda, but she claimed “nothing happened.”  She later told
Yolanda that appellant told her to say that.  Because she wanted Brenda to tell
the police what happened, Yolanda, Brandy, Brenda, and Zack went to a nearby Houston
Police Department (“HPD”) station to file a report.  An officer in the HPD juvenile
division, James Arnold, took statements from all four of them; Officer Arnold
testified that their statements were all consistent.  He further stated that
the witnesses appeared shaken and nervous, and Brenda appeared afraid.  Brenda
reported to Arnold that her father had hit her, kicked her, and put a “pistol”
to her head.  Officer Arnold completed an offense report and submitted it to
the child abuse unit.

After hearing the evidence and argument of counsel,
the jury found appellant guilty of aggravated assault with a deadly weapon as
charged in the indictment.  Appellant elected to have the trial court determine
his punishment, and the trial court sentenced him to twenty years’
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant did not file a motion for new trial, and this appeal timely
ensued.

II.  Issues Presented

            In his first
issue, appellant asserts that the State provided an unconstitutional definition
of “proof beyond a reasonable doubt” during voir dire.  In issue two, appellant
contends that, if we determine that his trial counsel failed to preserve his
first complaint, his trial counsel was ineffective.  Appellant challenges the
factual sufficiency of the evidence to show that a firearm was used in the
commission of the offense in issue three.  Finally, in his fourth issue,
appellant argues that his trial counsel was ineffective because he failed to
object to improper closing argument by the State.  For ease of reading and to
simplify the issues, we address appellant’s factual sufficiency challenge
first, his issue concerning the State’s alleged improper definition of
“reasonable doubt” second, and consolidate the discussion of his ineffective
assistance of counsel complaints in the third section of our analysis.

III.  Analysis

A.        Factual
Sufficiency of the Evidence In a factual-sufficiency review, we view the
evidence in a neutral light to determine whether the evidence supporting the
conviction, although legally sufficient,[2]
is nevertheless so weak or so against the great weight and preponderance of
conflicting evidence as to render the jury’s verdict clearly wrong and
manifestly unjust.  Gamboa v. State, 296 S.W.3d 574, 579 (Tex. Crim.
App. 2009).  A conviction is not “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had
we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim.
App. 2006).  Nor can we declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury’s resolution of that conflict.  Id. 
Instead, we must give due deference to the jury’s determinations, particularly
those concerning the weight of the evidence and the credibility of witness
testimony.  See Johnson v. State, 23 S.W.3d 1, 8–9 (Tex. Crim. App.
2000).

Appellant asserts, “The State’s evidence as to the
actual nature of the weapon was weak, being dependent on the observation and
knowledge of a frightened eight-year-old child. . . .  [and] countervailing
evidence, indicating that a BB gun might have been used, was not
contradicted.”  Appellant’s factual sufficiency challenge is essentially an
attack on the credibility of the only eyewitness to the offense, Brenda.  But
we must defer to the jury’s determination of the weight and credibility of
Brenda’s testimony.  Id.  Further, the testimony of a single eyewitness,
if it establishes the elements of the offense and the jury believes it beyond a
reasonable doubt, provides a sufficient basis for a guilty verdict.  See Roy
v. State, 76 S.W.3d 87, 102–03 (Tex. App.—Houston [14th Dist.] 2002, no
pet.) (rejecting factual sufficiency complaint when eyewitness testified he saw
defendant commit crime and defendant did not testify or present any contrary
evidence).

Brenda testified that appellant, her father,
threatened her with a real gun.  Brenda stated that she knows the difference
between real guns and toy guns, and that the gun appellant used was a real
gun.  She described the gun as black, metal, six- to seven-inches long, and
later described it to her mother as a “cowboy-style” gun.  Brenda also compared
the gun appellant used to one shown to her by a police officer and found them
similar, although she stated the gun appellant used was smaller.  Brenda stated
that she had seen the gun before in the air conditioner of the appellant’s car.
 Yolanda stated that she had seen appellant with real guns in the past, and Officer
Andrews testified that Brenda “had stated that her dad [appellant] had hit her
and kicked her and pulled a pistol and pointed it at her.”  Officer Andrews
believed Brenda and found the witnesses’ stories consistent.  Even Brandy said
she initially believed Brenda when she told her that appellant used a real gun.
 This testimony lends further credence to the jury’s conclusion that the gun
appellant used was a “firearm.”  Cf. Williams v. State, 980 S.W.2d 222,
225 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (legally and factually
sufficient evidence established firearm was used where witness described gun as
black and metal like, without a chamber like a revolver, square in front, and
similar to a demonstrative exhibit shown at trial).  Brenda’s testimony
establishes the elements of aggravated assault with a firearm.  See id. 


Finally, contrary to appellant’s allegation in his
briefing, our review of the record reveals no evidence that a BB gun might have
been used in the commission of this offense.  Brandy testified that she was
unaware of any real guns in the house. She testified that her son had black toy
plastic guns and that there may have been a metal BB gun in the house when the
assault occurred.  She gave no description of the color or style of the BB
gun-whether it was a rifle or pistol or handgun.  Although appellant’s trial
counsel suggested through his questioning and argument that Brenda may have
mistaken a toy gun for a real gun,[3]
it was for the jury to determine the weight and credibility of Brenda’s
testimony.  See Johnson, 23 S.W.3d at 8–9.

Viewing all the evidence in a neutral light, we
cannot say that the jury’s verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and manifestly unjust, nor is the verdict
against the great weight and preponderance of the evidence.  Gamboa, 296
S.W.3d at 579.  We therefore overrule appellant’s challenge to the factual
sufficiency of the evidence.

B.        Definition of
“Reasonable Doubt”

At the close of the State’s portion of voir dire, the
prosecutor discussed the burden of proof as follows:

            Beyond a reasonable doubt.  The Judge talked to
you and I want to say that it is the highest burden that there is and I gladly
accept that burden.  This is a felony case and very serious and I take that
burden very seriously but I want to tell you there is no Texas definition.  The
Judge is not going to give you a definition.  It’s up to you to decide what
beyond a reasonable doubt is.

            Some people call it the smell test, gut
feeling, some common sense.  It’s up to you to decide that.  But I want you
to know that it’s the same burden for a speeding ticket same as it is for a
capital murder.  That’s what the standard is in the United States and I want
you to know it’s met every single day in every one of the courtrooms in courts
like this.  So it’s not an impossible standard and I want you to keep that in
mind and keep in mind what it means to you as you go through this.

(emphasis added).  

In his first issue, appellant complains that the italicized
portion of the prosecutor’s statement constituted an unconstitutional
explanation of the burden of proof.  However, appellant made no objection to
this statement by the prosecutor, so he has failed to preserve this issue for
our review.  See Tex. R. App. P.
33.1(a); Saldano v. State, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002);
Beltran v. State, 99 S.W.3d 807, 811–812 (Tex. App.—Houston [14th Dist.]
2003, pet. ref’d); Murchison v. State, 93 S.W.3d 239, 261 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d).  We overrule appellant’s first
issue. 

C.        Ineffective
Assistance of Counsel

When reviewing claims of ineffective assistance of
counsel, we apply the standard of review set forth in Strickland v. Washington,
considering whether the defendant’s trial counsel’s performance was deficient
and whether this deficient performance deprived the defendant of his right to a
fair trial.  466 U.S. 668, 687 (1984).  The Strickland standard requires
that an appellant prove by a preponderance of the evidence both that (a) his
trial counsel’s representation fell below an objective standard of prevailing
professional norms and (b) there is a reasonable probability that, but for
counsel’s deficiency, the result of the proceeding would have been different.  Id.
at 690–94.  An appellant’s failure to satisfy one prong makes it unnecessary
for a court to consider the other prong.  Id. at 697.  

1.      Reasonable
Doubt Comment

In his second issue, appellant contends that his
trial counsel was ineffective for failing to object to the prosecutor’s comment
regarding reasonable doubt made during voir dire.  Appellant asserts that the
italicized comment reduced the State’s burden of proof.  We disagree.

The prosecutor’s comment was made after the trial
judge gave a thorough explanation of the burden of proof.  The trial judge
contrasted the burden of proof in a criminal court to that in a civil or family
court to highlight that the criminal standard of “beyond a reasonable doubt”
was higher than any other standard.  She explained that the jury would not
receive an explicit definition, but stated, “To a certain extent, it’s a
subjective standard.  It’s up to you [the jurors] to give it meaning when
you’re in the jury box.”  The trial judge admonished the venire panel that
everyone must agree that it is higher than the “preponderance” or “clear and
convincing” standards, yet the burden is not proof beyond any doubt.  She
explained,

So you might think of it as the greatest humanly achievable
standard of proof or some people say well it’s proof to a moral certainty. 
However you want to formulate the definition in your mind that’s fine as long
as you agree that it’s greater than clear and convincing but not an impossible
standard.

The trial judge then sought a
commitment from each potential juror to hold the State to that burden.  She
also admonished the panel members that the defense had no burden of proof.  

In light of the trial judge’s extensive comments
regarding the burden of proof, we conclude that the isolated statement by the
prosecutor regarding a “smell” or “gut” test did not reduce the State’s burden
of proof.  Cf. Marshall v. State, —S.W.3d—, 2009 WL 3400977, at *2–3
(Tex. App.—Houston [1st Dist.] Oct. 22, 2009, no pet.) (stating that trial
judge’s comment that jurors would “know a reasonable doubt when they see
it” amounted to a simple explanation of “the existing law with regard to
reasonable doubt”).  The prosecutor’s comment indicated that jurors should
determine the standard for themselves, which is the proper method for
determining what “reasonable doubt” means in Texas.  Paulson v. State,
28 S.W.3d 570, 577 (Tex. Crim. App. 2000).  Further, we note that the jury
charge provided, “The presumption of innocence alone is sufficient to acquit
the defendant, unless jurors are satisfied beyond a reasonable doubt of the
defendant’s guilt after careful and impartial consideration of all the evidence
in the case.”  It also stated that the prosecution must prove “each and every
element of the offense charged beyond a reasonable doubt,” and repeatedly
emphasized that the burden of proof was “beyond a reasonable doubt.” 
Considering the entirety of voir dire and the charge to the jury, we conclude
that it was not reasonably likely that the jury understood this single
statement by the prosecutor to lower the standard of proof constitutionally
required.  

Under these circumstances, we can neither conclude
appellant has established, by a preponderance of the evidence, that his trial
counsel’s representation fell below an objective standard of prevailing
professional norms nor that there is a reasonable probability that, but for
counsel’s deficiency, the result of the proceeding would have been different.  Strickland,
466 U.S. at 690–94.  We thus overrule appellant’s second issue.  

2.      State’s
Closing Argument

In his fourth issue, appellant claims he was denied
the effective assistance of counsel when his trial counsel failed to object to
an allegedly improper statement made by the prosecutor during closing argument that
the jury should convict appellant “if the complainant ‘believed that a gun was
put to her head.’”  Appellant argues that this comment misstated what the State
had to prove to convict him.  Again, we must disagree.

First, appellant parses out a portion of a single
statement made during the State’s closing argument.  The entire statement about
which appellant complains is:  “And if you believe that [Brenda]
believed that a gun was put to her head and her description of it then
we’ve proven our case.”  (emphasis added).  Contrary to appellant’s position,
we see nothing in this comment that lessened the State’s burden of proof or
misstated the elements of the offense.  

Further, before making this particular statement, the
prosecutor made other statements emphasizing that, to convict appellant, the
jury had to believe that Brenda’s testimony established all the elements
of the offense:

Well, we talked in voir dire about just what we could rely
on as far as child testimony is concerned.  And in fact each and every one of
you did agree that if you believed what that child said on the stand beyond
a reasonable doubt and it met all the elements, every one of them that you
could convict.

. . .

If you believe [Brenda] and you believe her testimony
then we’ve met the elements of deadly weapon.

Finally, permissible jury argument falls within one
of the following four general areas:  (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) response to argument of opposing counsel; or
(4) pleas for law enforcement.  Gallo v. State, 239 S.W.3d 757, 767 
(Tex. Crim. App. 2007).  The prosecutor’s comments were made in response to
appellant’s trial counsel’s argument that Brenda either mistakenly believed
that appellant had put a real gun to her head or that she was making up the
story about the gun to get out of trouble for some sort of bad behavior.  The
prosecutor responded to this argument by reminding jurors that if they believed
Brenda’s testimony that appellant threatened her with a real gun, then they had
sufficient evidence to convict.  Thus, the trial court would have properly
overruled any objection to this argument.  

Counsel is not ineffective for failing to make a
meritless objection.  See Riles v. State, 595 S.W.2d 858, 861 (Tex.
Crim. App. 1980).  Appellant has therefore not established that his trial
counsel’s performance was deficient and we need not consider the second prong
of Strickland.  See Strickland, 466 U.S. at 687.  We overrule his
fourth issue.

III.  Conclusion

            Having
overruled each of appellant’s issues, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
We have employed pseudonyms to protect the privacy of the minor children who
were involved in this incident.





[2]
Because appellant has challenged only the factual sufficiency of the evidence,
he has effectively conceded that the evidence is legally sufficient to support
his conviction.  





[3]
Our review of the record reveals no instance in which appellant’s trial counsel
suggested that the gun appellant threatened Brenda with was a BB gun.  This
argument arises for the first time in his appellate brief, apparently based on
the following questions posed by the jury during deliberations:

If [appellant] put a toy gun to [Brenda’s] head would
this still be considered a deadly weapon if she didn’t know the difference?

Is a “BB” gun considered a firearm/deadly weapon?

The trial court responded that
the jury had received all the applicable instructions and should continue to
deliberate.  Later, the jury asked for a definition of the term “firearm,” and
the court supplied the correct statutory definition.  

Further, appellant has seemingly abandoned his
trial-court argument that Brenda may have mistaken the gun for a toy gun: 
“Since Brandy Rogers said the toy guns she had bought were plastic, [Brenda]’s
testimony that the gun barrel was metal would seem to rule out the use of one
of those toy guns.”