

# NUMBER 13-14-00563-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ENRIQUE SANCHEZ SALAZAR,                                    Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 156th District Court of Live Oak County, Texas.

# OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Opinion by Justice Rodriguez

Appellant Enrique Sanchez Salazar appeals from a judgment finding him guilty of evading arrest using a vehicle pursuant to section 38.04(b) of the Texas Penal Code, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b) (West, Westlaw through Ch. 46, 2015 R.S.). Salazar elected to have the trial court determine punishment; the trial court found two enhancements to be true and sentenced him to thirty-eight years'

imprisonment. Salazar raises five issues on appeal which we reorganize as follows: (1–3) the trial court erred in refusing to submit a lesser-included offense instruction for evading arrest without a vehicle; (4) Salazar's sentence was improperly enhanced with a state jail felony offense; and (5) section 38.04 of the Texas Penal Code is ambiguous. We affirm.

## I. BACKGROUND

On July 19, 2013, Officer Alberto Carrion with the Three Rivers Police Department attempted to stop a mini-van allegedly driven by Salazar.[1] A high-speed chase culminated when the mini-van crashed into another vehicle. Salazar and at least three other vehicle occupants exited the vehicle and continued to flee the police on foot. Corporal Noah Leuchner, also with the Three Rivers Police Department, located Salazar hiding along a fence line and returned him to the scene where U.S. Border Patrol Agent Roberto Gutierrez arrested him. The other vehicle occupants were also detained, determined to be undocumented immigrants, and arrested.

In a related federal case, Salazar pled guilty to the crime of transporting an undocumented alien in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(ii). The State subpoenaed Salazar's attorney in the federal action to testify in the underlying state criminal proceeding where Salazar was tried for evading arrest with a motor vehicle. Through Salazar's federal defense attorney, the State authenticated Salazar's federal plea agreement and admitted it into evidence.[2] The plea

---

[1] Salazar contends that he was not driving the vehicle in question.

[2] Salazar's federal defense attorney asserted attorney/client privilege prior to testifying. The trial court ordered him to testify and ruled that "there is no attorney/client privilege to something that was stated in open court."

2

agreement included the statement that "defendant admitted that he was the driver of a vehicle containing undocumented aliens; that he knew his passengers were undocumented aliens and that he transported them with the intent to further their unlawful presence." That statement was read into evidence before the jury during the State's re-direct examination of the witness. The State also presented the jury with witness statements from the undocumented aliens that identified Salazar as the driver of the mini-van in question.

During the charge conference, Salazar requested the trial court to include in the jury charge the lesser-included offense of evading arrest, without the motor vehicle finding. The trial court denied Salazar's request, and the jury found Salazar guilty of evading arrest with a motor vehicle. Salazar elected to have the trial court assess punishment. At the punishment hearing, Salazar pled "not true" to two enhancement paragraphs in the indictment which alleged: (1) a 2002 conviction for aggravated sexual assault; and (2) a 2009 conviction for aggravated assault with a deadly weapon. The trial court found both enhancements to be true and sentenced Salazar to thirty-eight years' imprisonment. This appeal followed.

## II. JURY CHARGE ERROR

By Salazar's first two issues he contends that he suffered some harm when the trial court denied his request to include the lesser-included offense instruction in the charge. Salazar's third issue addresses the sufficiency of the evidence to establish that he drove a vehicle to evade arrest because the only direct evidence that he was driving the vehicle was elicited from his federal defense counsel in violation of the attorney/client privilege. Because the issue relating to Salazar's assertion of attorney/client privilege is

3

interwoven with our lesser-included offense analysis, we consider the first three issues together.

### A. Standard of Review

A claim of jury-charge error is governed by the procedures set forth in *Almanza v. State.* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc) (op. on reh'g), *overruled on other grounds by Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988). We must first determine whether the trial court erred in its refusal to submit the requested instruction in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and the appellant properly objected at trial, reversal is required if "some harm" resulted, i.e., if the error was "calculated to injure the rights of the defendant." *Id.* (quoting *Almanza*, 686 S.W.2d at 171). If the appellant failed to object, error must be "fundamental," and reversal will result only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.* (quoting *Almanza*, 686 S.W.2d at 171). Salazar objected to the trial court's failure to submit an instruction on the lesser-included offense of evading arrest; thus, if error exists we will determine whether some harm resulted. *See Price v. State,* 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Barrios*, 283 S.W.3d at 350.

### B. Applicable Law

Whether a lesser-included offense instruction should be given is determined on a case-by-case basis and requires a two-step analysis. *Rice v. State,* 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)*; Hall v. State,* 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *Bartholomew v. State,* 871 S.W.2d 210, 212–13 (Tex. Crim. App. 1994) (en banc). The first step requires us to ask whether the "requested charge is for a lesser-included

4

offense of the charged offense." *Rice,* 333 S.W.3d at 144. The second step looks at whether there was evidence admitted at trial that supports giving the lesser-included instruction to the jury. *Id.*

In analyzing the first step, we look to the Texas Code of Criminal Procedure. The code provides, in relevant part, that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West, Westlaw through Ch. 46, 2015 R.S.)). This is a question of law, and it does not depend on the evidence produced at trial. *Id.*

The court of criminal appeals adopted the "cognate-pleadings approach" for this step. *Id.* We look at "the elements and the facts alleged in the charging instrument to find lesser-included offenses." *Id.*

> An offense is a lesser-included offense of another offense . . . if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Id.* (citing *Ex parte Watson,* 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g)); *see Hall,* 225 S.W.3d at 535.

The second step of the analysis asks "if there is some evidence in the record to permit a jury to rationally find that, if the defendant is guilty, he is guilty *only* of the lesser-included offense." *Rice,* 333 S.W.3d at 145 (emphasis added); s*ee Hall,* 225 S.W.3d at 536; *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006). The second prong requires an examination of the record to determine if the lesser-included offense

was raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted. *See Ford v. State,* 38 S.W.3d 836, 842 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (en banc). The evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Rice,* 333 S.W.3d at 145 (citing *Hall,* 225 S.W.3d at 536).

### C. Discussion

We initially note the State concedes, and we agree, that evading arrest is a lesser-included offense of evading arrest with a motor vehicle, satisfying the first prong of our analysis. *See Powell v. State,* 206 S.W.3d 142, 143 (Tex. App.—Waco 2006, pet. ref'd) (holding that evading arrest on foot is a lesser-included offense of evading arrest in a vehicle). Therefore, we begin our review with the second prong and analyze whether there is some evidence in the record to permit a jury to rationally find that if Salazar is guilty, he is guilty only of the lesser offense. *See Rice,* 333 S.W.3d at 145. Salazar contends that there was conflicting testimony regarding the color of the driver's shirt: Salazar was wearing a white shirt, and Officer Rey Medrano with the Three Rivers Police Department testified that he received a description of the driver of the van as a person wearing a maroon shirt. Additionally, Salazar contends that no one witnessed him driving the vehicle and infers that it was possible the police failed to apprehend the driver after the crash. It is Salazar's contention that these discrepancies raise some evidence

6

that he was not the driver and the lesser-included offense instruction was warranted. However, at no point does Salazar deny being in the vehicle during the chase.

Section 38.04(a) of the Texas Penal Code provides that "a person commits an offense if he intentionally flees from a person he knows is a peace officer or a federal special investigator attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a). Subsection (b) further provides that the offense is a state jail felony if "the actor *uses* a vehicle or watercraft while the actor is in flight . . . ." *Id.* § 38.04(b) (emphasis added). The statute does not require a finding that Salazar *drove* the vehicle while in flight—instead, the State must prove that Salazar "used" a vehicle while in flight. *See id.*; *see also Valencia v. State,* No. 13-10-00201-CR, 2011 WL 1900180, at *7 (Tex. App.—Corpus Christi May 19, 2011, no pet.) (mem. op., not designated for publication) (finding that the defendant "used" a vehicle driven by another to flee the police for purposes of subsection 38.04(b)). At trial Salazar did not contest that he was in the vehicle that led the police on a high speed chase, and there was no evidence to support a finding that Salazar only evaded police on foot. *See Rice,* 333 S.W.3d at 145 (citing *Hall*, 225 S.W.3d at 536).

Because the State is not required to prove that Salazar drove the vehicle to convict him of evading arrest with a motor vehicle pursuant to section 38.04(b) of the Texas Penal Code, there is no evidence in the record that if Salazar was guilty, he was guilty only of the lesser offense of evading arrest. *See id.*; *see also Valencia,* 2011 WL 1900180, at *7. The trial evidence fails to establish the lesser-included offense as "a valid, rational alternative to the charged offense." *See Rice,* 333 S.W.3d at 150 (citing Hall, 225 S.W.3d at 536). Therefore, the trial court did not err by refusing to submit the instruction

7

to the jury.   We overrule Salazar's first and second issues.

By Salazar's third issue, he contends that the evidence obtained through his federal defense counsel, allegedly in violation of attorney/client privilege, was the only direct evidence that he was driving the vehicle in question.   Because a finding that he was driving is immaterial to a conviction pursuant to section 38.04(b), any error would be harmless.   *See id.*; TEX. PENAL CODE ANN. § 38.04(b); *see also Valencia,* No. 13-10-00201-CR, 2011 WL 1900180, at *7.   We overrule Salazar's third issue.

### III.   ENHANCEMENT ERROR

By his fourth issue, Salazar contends that the State improperly used a state jail felony for enhancement purposes.   Specifically, Salazar contends that his prior conviction for aggravated assault with a deadly weapon does not qualify for enhancement pursuant to section 12.42(d) of the Texas Penal Code.   *See* TEX. PENAL CODE ANN. §§ 12.42(d), 22.02 (West, Westlaw through Ch. 46, 2015 R.S.).   We construe Salazar's fourth issue as a challenge to the legal sufficiency of the evidence supporting the findings necessary to sustain the imposition of the enhanced punishment pursuant to section 12.42(d) of the Texas Penal Code.

### A.   Standard of Review and Applicable Law

"A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so."   *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).   We test the sufficiency of the evidence via the standard set forth in *Jackson v. Virginia* and against the allegations contained in a hypothetically correct jury charge.   443 U.S. 307 (1979); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).   These standards apply irrespective of whether the appellant attacks

the sufficiency of the evidence underlying the current conviction or the "affirmative findings necessary to sustain the imposition of an enhanced punishment." *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). When reviewing the legal sufficiency of the evidence at punishment, we view all the evidence in the light most favorable to the verdict to see whether a rational fact-finder could find the essential elements of the crime beyond a reasonable doubt. *Id.* The State has the burden of proof to show that any prior conviction used to enhance a sentence complied with the statutory requirements. *See Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007).

**B.    Discussion**

In the instant case, Salazar's conviction was enhanced by a finding that he was a habitual offender. The relevant "habitual offender" subsection of the Texas Penal Code provides the following:

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this section.

TEX. PENAL CODE ANN. § 12.42(d). The State had the burden to prove, beyond a reasonable doubt, that appellant committed the primary offense and that the enhancement paragraphs complied with the statutory requirements. *See Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Thus, for the State to show that Salazar was subject to punishment as a habitual offender, it was required to put forth evidence that before commission of the primary

offense—evading arrest with a vehicle—Salazar had been finally convicted of two felonies that were subject to enhancement under section 12.42(d). *See* TEX. PENAL CODE ANN. § 12.42(d). To prove the enhancement the State offered the prior judgments into evidence. On appeal, Salazar only contests the use of the 2009 judgment for enhancement purposes. The 2009 judgment indicated that Salazar pled guilty to the offense of aggravated assault with a deadly weapon, listed the degree of the offense as a state jail felony, and sentenced Salazar to four years' imprisonment.

State jail felonies are punished pursuant to section 12.35 of the Texas Penal Code. *See id.* § 12.35(a)–(c) (West, Westlaw through Ch. 46, 2015 R.S.). Salazar's judgment for the 2009 conviction only stated that the offense was a "state jail felony" but did not specify whether he was punished under subsection (a) or (c) of section 12.35.[3] This detail is important because section 12.42(d) provides that if the prior conviction was pursuant to 12.35(a), it may not be used for enhancement purposes. *See id.* § 12.42(d).

In this case, the nature of the underlying offense itself clearly establishes that Salazar's prior conviction was a state jail felony under section 12.35(c) of the penal code: it was an aggravated offense, i.e., aggravated assault with a deadly weapon. *See id.* § 12.35(c); *State v. Webb,* 12 S.W.3d 808, 811–12 (Tex. Crim. App. 2000) (en banc) (recognizing that subsection 12.35(c) is itself an enhancement of 12.35(a) when the offense is "aggravated" by the use of a deadly weapon and is therefore eligible for further enhancement under section 12.42(d)); *see also Campbell v. State,* 49 S.W.3d 874, 877 (Tex. Crim. App. 2001) (en banc) (recognizing that subsection 12.42(d) permits

---

[3] Though classified as a state jail felony, section 12.35(c) punishes as a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.35(c) (West, Westlaw through Ch. 46, 2015 R.S.).

enhancement for aggravated state jail felony convictions). Additionally, the trial court sentenced Salazar to four years' imprisonment on the prior offense, a sentence double that permitted pursuant to 12.35(a), but within the permissible range of 12.35(c).

Because the evidence established that Salazar's prior conviction was for an aggravated state jail felony under 12.35(c), we determine that there is legally sufficient evidence to support the enhancement. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(d); *Webb,* 12 S.W.3d at 811–12; *see also Campbell,* 49 S.W.3d at 877. We overrule Salazar's fourth issue.

## IV. STATUTORY CONFLICT

By his fifth issue, Salazar contends that the 2011 amendments to section 38.04 of the Texas Penal Code were ambiguous and resulted in two conflicting offense classifications for evading arrest using a vehicle. Specifically, Salazar contends that under the statute in effect at the time of his arrest, the offense should be classified as a state jail felony. In the alternative, Salazar asks this Court to apply the rule of leniency to interpret the facially ambiguous provisions of section 38.04 of the Texas Penal Code in his favor.

We are not the first court to address this issue. The Fort Worth Court of Appeals previously analyzed the apparent statutory conflict. *See Adetomiwa v. State,* 421 S.W.3d 922, 924 (Tex. App.—Fort Worth 2014, no pet.). In *Adetomiwa,* the court noted that during the 2011 regular session, the legislature passed three bills amending the evading arrest statute. *Id.* Senate Bill 496 (SB 496) and House Bill 3423 (HB 3423) both provide that evading arrest is a state jail felony if the defendant uses a vehicle while in flight. *Id.* However, as noted by Salazar, the third bill, Senate Bill 1416 (SB 1416),

provides that evading arrest is a third-degree felony if the defendant uses a vehicle while in flight. *See id.*

The court of appeals in *Adetomiwa* determined that the statutory amendments were capable of being "harmonized" pursuant to the Code Construction Act. *See* 421 S.W.3d at 926 (citing TEX. GOV'T CODE ANN. §§ 311.001, .002(2), .025 (West, Westlaw through Ch. 46, 2015 R.S.)). The Code Construction Act informs us that "if amendments to the same statute are enacted at the same session, one making no reference to the other, they shall be harmonized if possible to give effect to each." *Id.* (citing TEX. GOV'T CODE ANN. § 311.025(b) (West, Westlaw through Ch. 46, 2015 R.S.)).

Each of the 2011 amendments to section 38.04 makes a substantive change that the other does not: (1) SB 496 adds "watercraft" to the type of transportation an actor may use "in flight"; (2) HB 3423 adds "federal special investigator" to the type of individual a person may be fleeing from for purposes of the offense; and (3) SB 1416 alters the punishment scheme to provide, among other things, that evading arrest is a third-degree felony if the actor uses a vehicle in flight. *Id.* Because the three amendments could be read together in harmony—i.e., there was no direct conflict in the amendments themselves—we shall give effect to each. *See* TEX. GOV'T CODE ANN. § 331.025(b). Therefore, we determine SB 1416, altering the punishment scheme to a third-degree felony, enacted the only applicable punishment scheme for Salazar's offense. *See Adetomiwa,* 421 S.W.3d at 926–27.

Other appellate courts that have addressed this issue have come to the same conclusion. *See Mims v. State,* 434 S.W.3d 265, 270 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Sneed v. State,* No. 07-13-00155-CR, 2014 WL 4755502, at *4

(Tex. App.—Beaumont, Sept. 24, 2014, pet. ref'd) (mem. op., not designated for publication); *Wise v. State,* No. 11-13-00005-CR, 2014 WL 2810097, at *5 (Tex. App.—Eastland Jun. 19, 2014, pet. ref'd) (mem. op., not designated for publication); *Scott v. State,* No. 10-13-00159-CR, 2014 WL 1271756, at *3 (Tex. App.—Waco Mar. 27, 2014, no. pet.) (mem. op., not designated for publication); *Peterson v. State,* No. 07-13-00155-CR, 2014 WL 546048, at *2 (Tex. App.—Amarillo Feb. 10, 2014, pet. ref'd) (mem. op., not designated for publication).   We agree with our sister courts in finding that the sections can be harmonized, and we determine that the offense of evading arrest with a motor vehicle is a third-degree felony.   We also decline to extend the rule of leniency in this case.   We overrule Salazar's fifth issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 1st
day of September, 2015.

13