**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00043-CR

———————————

**DEJESUS FOBBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 356th District Court**
**Hardin County, Texas[1]**
**Trial Court Case No. 22960**

---

**MEMORANDUM OPINION**

---

[1]    Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this court. *See* Misc. Docket No. 14–9246 (Tex. Dec. 15, 2014); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).

A jury found appellant, Dejesus Fobbs, guilty of the felony offense of possession of a controlled substance, namely cocaine, weighing more than four grams but less than 200 grams.[2]  After finding true the allegations in two enhancement paragraphs that appellant had been twice previously convicted of felony offenses, the jury assessed his punishment at confinement for ninety-nine years.  In four issues, appellant contends that the evidence is legally insufficient "to prove [that] the first enhancement paragraph [concerns] a valid prior conviction" and the trial court erred in omitting an application paragraph regarding its instruction to the jury to disregard unlawfully obtained evidence,[3] admitting certain "contextual" evidence during the guilt phase of trial, and admitting "a noncertified copy of a judgment" of prior conviction during the punishment phase of trial.

We modify the trial court's judgment and affirm as modified.

### Background

Former Silsbee Police Department Officer T. Hartless testified that while on patrol at 2:30 a.m. on May 20, 2014, he "noticed an interior light on" and "something" in a car stopped in a driveway.  At the start of his shift that night, Hartless had been "notified" about an increase in "[a]uto burglaries" in the area, and

---

[2]     See TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (Vernon Supp. 2015), §§ 481.102(3)(D), 481.115(a), (d) (Vernon 2010).

[3]     See TEX. CODE CRIM. PROC. ANN. art. § 38.23(a) (Vernon 2005).

2

he had previously spoken to homeowners who had requested "extra patrol[s]" because of the "recent auto burglaries." Thus, the activated "interior light" in the car, the "recent reports of auto burglaries," and the "time of night or early morning" are what prompted Hartless to stop to investigate.

Officer Hartless explained that when he activated the "overhead alley light" on his patrol car, he "noticed someone in the vehicle moving about" and "slumped over the console." When he exited his patrol car and approached the driver's side window of the car, he saw appellant, the person inside the car, "pop[] open [a] newspaper to . . . hinder [Hartless's] ability to observe what was going on inside the vehicle." When Hartless knocked on the driver's side window, appellant "[c]racked" or "[r]olled . . . down" the window "three or four inches." Hartless then smelled, "coming out of the vehicle," an odor, which, based on his training and experience as a law enforcement officer, he identified as "burnt marijuana."

Officer Hartless then asked appellant to "step out of the vehicle." After he did, Hartless "physically patted him down" to check for weapons, handcuffed him, and placed him in the back of his patrol car because of "officer safety" concerns. Hartless then returned to appellant's car to conduct a search because of "the odor of burnt marijuana."

Upon returning to appellant's car, Officer Hartless saw "in plain view" in the "open" center console several "bags" of "Kush, K2," also known as "synthetic

3

marijuana," and a "small bag" of marijuana. He then returned to his patrol car to determine whether appellant was "holding" any other contraband "on his person." While searching appellant, Hartless found $1802 in his left-front pocket and a "magazine for a gun, fully loaded with ammunition," in his right-rear pocket. When Hartless "removed" appellant's hat, he saw "two bags" of cocaine "sitting on [top of appellant's] head." Hartless, based on his training and experience, opined that the substance in the "two bags" was cocaine, and he placed appellant under arrest.

Officer Hartless returned to appellant's car because he had discovered a "fully loaded magazine" on appellant's person, but "no firearm." He then found "a Beretta handgun -- pistol," "sitting between the [front] passenger seat and the center console." And inside the handgun was "a magazine clip with bullets." Hartless explained that he also saw "burnt marijuana" in the car's ashtray, but he did not collect or photograph it.

Jennifer Johnson, a forensic scientist for the Texas Department of Public Safety Crime Lab in Houston, testified that she analyzes unknown substances that are suspected to be controlled substances. In this case, she analyzed "an off-white substance," which was found in "two packages." The substance from the first package weighed 4.53 grams, and the substance from the second package weighed 4.24 grams. Johnson's testing revealed that the substance contained in each package was cocaine.

## Article 38.23 Instruction

In his first issue, appellant argues that the trial court erred in "failing to include an application paragraph" regarding its instruction to the jury to disregard unlawfully obtained evidence, thereby "depriv[ing]" him of "a fair and impartial trial," because "[i]t is not sufficient for the jury to receive an abstract instruction on the law" and "an application paragraph is a necessary portion of the charge." *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

We review jury charge error in a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). First, we determine whether error exists in the charge. *Id.* If so, we turn to the record to determine whether the error caused sufficient harm to require reversal of the conviction. *Id.* If, as here, a defendant did not make a proper objection at trial, he will obtain a reversal only if the error was so egregiously harmful that he did not have a fair and impartial trial.[4] *See id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

Article 38.23 provides in pertinent part:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the

---

[4] In his brief, appellant concedes that he "did not object at trial and therefore, . . . must show egregious harm that deprived him of a fair and impartial trial."

> evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). In other words, if a fact issue exists concerning whether evidence was unlawfully obtained, then a trial court must instruct the jury that if it believes that the evidence was so obtained, then it should disregard such evidence. *Madden v. State*, 242 S.W.3d 504, 509–11 (Tex. Crim. App. 2007); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). Notably though, a defendant's right to the submission of an instruction under article 38.23(a) "is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden*, 242 S.W.3d at 509–10. And before a defendant is entitled to the submission of a jury instruction under article 38.23(a), he must meet three requirements: "(1) [t]he evidence heard by the jury must raise an issue of fact; (2) [t]he evidence on that fact must be affirmatively contested; and (3) [t]h[e] contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Id.* at 510.

Under the first requirement, there must be a genuine dispute about a material issue of fact before an article 38.23 instruction is warranted; if there is no disputed fact issue, the court alone determines the legality of the conduct, as a matter of law. *Id.* In order for there to be a conflict in the evidence that raises a disputed fact issue,

there must be some affirmative evidence in the record that puts the existence of the fact in question. *Id.* at 513. Furthermore, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not material to the ultimate admissibility of the evidence and is not to be submitted to the jury. *Id.* at 510. The disputed fact issue must be essential to deciding the lawfulness of the challenged conduct. *Id.* at 511.

Appellant asserts that the evidence raised a fact issue regarding "the existence of the burnt marijuana that led to the search and then . . . to the discovery of the cocaine." He notes that "[d]uring cross-examination, Officer Hartless admitted that he took no photographs at the scene," "[t]here are no pictures of any burnt marijuana," and although Hartless "testified that he saw burnt marijuana," "he did not recover the burnt marijuana."

Officer Hartless testified that after he approached the car in which appellant was sitting, he knocked on the driver's side window. Appellant then "[c]racked" or "[r]olled . . . down" the window "three or four inches." Hartless could smell, "coming out of the vehicle," an odor, which, based on his training and experience as a law enforcement officer, he identified as "burnt marijuana."

After detaining appellant in the back of his patrol car, Hartless returned to appellant's car to conduct a search because of "the odor of burnt marijuana coming out of it." He then saw "in plain view" in the "open" center console several "bags"

7

of "Kush, K2," also known as "synthetic marijuana," and a "small bag" of marijuana. And Hartless explained that he saw "burnt marijuana" in the car's ashtray. He admitted, however, that he did not collect or photograph it.

Appellant did not present any evidence or elicit any testimony to contradict Officer Hartless's testimony. Thus, he did not raise a fact question about the "existence of the burnt marijuana." *See Rose v. State*, 470 S.W.2d 198, 200 (Tex. Crim. App. 1971) (no jury issue raised where defendant called no witness to controvert law enforcement officers' testimony about events and circumstances at time of arrest, and cross-examination did not raise fact issue); *Shpikula v. State*, 68 S.W.3d 212, 216–17 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (type of factual dispute article 38.23 contemplates not raised where defendant "did not testify or call any witness who controverted the State's proof").

The record does not demonstrate that any factual dispute exists as to how Officer Hartless obtained the evidence in this case; his testimony on the matter was uncontroverted. Because the evidence presented at trial did not raise a fact issue, appellant was not entitled to the submission of an article 38.23 instruction. And because appellant was not entitled to an article 38.23 instruction in the first place, the trial court did not err in not submitting to the jury an "application paragraph" regarding its instruction to disregard unlawfully obtained evidence. *See, e.g.*, *Jones v. State*, No. 01-03-00161-CR, 2004 WL 396443, at *3 (Tex. App.—Houston [1st

8

Dist.] Mar. 4, 2004, pet. ref'd) (mem. op., not designated for publication) (where defendant "did not present a factual dispute" and "was not entitled to an article 38.23 instruction," "trial court did not err by failing to give [his] requested article 38.23 application paragraph in the charge"); *Lopez v. State*, No. 01-02-00576-CR, 2003 WL 22456108, at *2 (Tex. App.—Houston [1st Dist.] Oct. 30, 2003, pet. ref'd) (mem. op., not designated for publication) (overruling defendant's complaint, "trial court erred by failing to include an application paragraph" and "allowing the jury charge to proceed with an abstract statement of article 38.23," where defendant "had no right to an article 38.23 instruction at all").

Accordingly, we hold that the trial court did not err in not including in its charge to the jury an application paragraph regarding its instruction to disregard unlawfully obtained evidence.

We overrule appellant's first issue.

## Admission of Evidence

In his second issue, appellant argues that the trial court erred in admitting "contextual" evidence that he was "in possession of a magazine loaded with ammunition and a pistol was found in the vehicle where he was sitting" because "[t]he events surrounding [his] arrest for possession of cocaine could have easily and fully been described to the jury without the admission" of such evidence.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996) (internal quotations omitted). We will uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Appellant asserts that "[t]he State was able to fully describe why [Officer Hartless] approached [him], why [Hartless] decided to search the vehicle," and "why [Hartless] further searched [him] and located the cocaine" "without any need to mention the loaded magazine located in [his] pocket" or the handgun found in his car. Appellant further asserts that "[a]ny argument that the introduction of the handgun was necessary to the search for and locating of the cocaine is simply false" and "[t]he fact that [Hartless] found a magazine with ammunition is . . . without consequence to the finding of the cocaine."

Officer Hartless did testify about his discovery of a "magazine for a gun, fully loaded with ammunition in it" in appellant's right-rear pocket, "a Beretta

10

handgun -- pistol," "sitting between the [front] passenger seat and the center console" of appellant's car, and "a magazine clip with bullets" inside the handgun found in appellant's car. And the State did introduce into evidence photographs of both magazines, the ammunition, and the handgun during Hartless's testimony. However, we need not decide whether the trial court erred in admitting this evidence because, even were we to conclude that it so erred, appellant has not shown that he was harmed by the admission of the evidence.

The erroneous admission of evidence constitutes non-constitutional error. *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Non-constitutional error requires reversal only if it affects the substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93–94 (Tex. Crim. App. 2011). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not overturn a criminal conviction for non-constitutional error if, after examining the record, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Barshaw*, 342 S.W.3d at 93–94.

We review the entire record to ascertain the effect or influence of the wrongfully admitted evidence on the verdict. *Id.* In assessing the likelihood that the jury's decision was improperly influenced, we consider the record as a whole,

11

including testimony and physical evidence, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in case. *Id.* at 94; *see also Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002). Notably, error in the admission of evidence may be rendered harmless when substantially the same evidence is admitted elsewhere at trial without objection. *See Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

Our review of the record reveals that Officer Hartless testified, without objection, on several occasions about his discovery of the loaded magazine in appellant's right-rear pocket and the handgun, containing another loaded magazine, in appellant's car. For instance, Hartless testified:

A. Once I discovered the marijuana, I returned to [appellant] -- he is in the back seat of my patrol car -- to further search his person.

Q. Why do you do that?

A. To find out if there is any other contraband that he is holding on his person.

. . . .

Q. When you do, tell the jury what you found.

A. Whenever I removed him out of the backseat of my patrol car, in his left-front pocket, I believe there was a large amount -- large amount of money; $1802, to be exact. As I continued going through his pockets, I made my way around to the right

12

pocket -- right rear pocket, actually really deep pockets. *At the very bottom of the pocket, there was a magazine for a gun, fully loaded with ammunition in it.*

. . . .

Q.   And you make a further search of the vehicle incident to the arrest or incident before you impound the car?

A.   I searched the vehicle incident to arrest before anything. I go back to the vehicle. *I still have a magazine -- you know, fully loaded magazine with no firearm.* At that point, I'm going to inventory the car.

. . . .

Q.   So, you go back and inventory the car. Tell the jury what you find.

A.   When I go back to the car, *I find a Beretta handgun -- pistol.* It's sitting between the passenger seat and the center console.

Q.   That's the passenger seat, right?

A.   Yes, sir.

Q.   Not the driver's seat?

A.   Correct.

Q.   When you came up to the car, was [appellant] in the driver's seat or passenger seat?

A.   He was in the driver's seat.

Q.   Okay. *But you also found a magazine clip with bullets in it, right?*

A.   Correct.

(Emphasis added.)

Although appellant did object when the State sought to introduce into evidence State's Exhibits 3 and 4, photographs of both magazines, the ammunition, and the handgun found on appellant's person and in his car, he did not object to the above quoted testimony. It has long been the rule that any error in the admission of evidence is harmless where other evidence that is substantially similar was admitted without objection, either before or after the complained-of ruling, regardless of whether the other evidence was introduced by the defendant or the State.[5] *See Leday*, 983 S.W.2d at 717–18; *Anderson*, 717 S.W.2d at 628; *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Accordingly, we hold that the error, if any, of the trial court in admitting evidence that appellant was "in possession of a magazine loaded with ammunition and a pistol was found in the vehicle where he was sitting" was harmless.

We overrule appellant's second issue.

### Sufficiency of Evidence for Enhancement

In his fourth issue, appellant argues that the evidence is legally insufficient "to prove the first enhancement paragraph [concerns] a valid prior conviction"

---

[5] In his brief, appellant notes that he "objected to the admission of any evidence of a gun during his motion in limine"; however, a motion in limine does not preserve error. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

because "the [pertinent] judgment states on its face that it could be a state jail conviction," and thus, "could not be used to enhance" the current felony offense.

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the matter beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams*, 235 S.W.3d at 750.

These standards apply irrespective of whether a defendant attacks the sufficiency of the evidence underlying his conviction or the "affirmative findings necessary to sustain the imposition of an enhanced punishment." *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). To establish that a defendant was convicted of a prior offense, the State is required to prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

15

Texas Penal Code section 12.42, the habitual-offender statute, provides in pertinent part:

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2015). Thus, the State had the burden to prove, beyond a reasonable doubt, that appellant committed the primary offense and that the enhancement paragraphs complied with the statutory requirements. *See Ex parte Augusta*, 639 S.W.2d 481, 484–85 (Tex. Crim. App. 1982), *overruled on other grounds Bell v. State*, 994 S.W.2d 173 (Tex. Crim. App. 1999); *Salazar v. State*, 474 S.W.3d 832, 837–39 (Tex. App.—Corpus Christi 2015, no pet.); *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). In other words, for the State to show that appellant was subject to punishment as a habitual offender in this case, it was required to put forth evidence that before the commission of the primary offense—possession of a controlled substance, namely cocaine, weighing more than four grams but less than 200 grams—appellant had previously been finally convicted of two felonies that were

16

subject to being used for enhancement purposes under section 12.42(d). *See* TEX.

PENAL CODE ANN. § 12.42(d); *Williams*, 980 S.W.2d at 226; *Salazar*, 474 S.W.3d at

837–39.

The State's enhancement paragraphs alleged as follows:

Enhancement Paragraph No. 1

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on or about January 29, 1998, in cause number 13997 in 356th District Court of Hardin County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance.

Enhancement Paragraph No. 2

And it is further presented in and to said Court that, prior to the commission of the primary offense and after the commission of the above referenced case, that on or about September 14, 2000, in cause number 15158 in 356th District Court of Hardin County, Texas, the defendant was convicted of the felony offense of Theft.

To prove the first enhancement allegation, the State introduced into evidence,

State's Exhibit 12A, the trial court's January 29, 1998 judgment in cause number

13997.[6] *See Flowers*, 220 S.W.3d at 921–22; *Salazar*, 474 S.W.3d at 838 ("To prove

the enhancement the State offered the prior judgments into evidence."). The

complained-of judgment indicates that appellant was convicted of possession of a

controlled substance and sentenced to confinement for four years in the "Institutional

---

[6] We again note that appellant challenges the sufficiency of the evidence only as to the "first enhancement paragraph."

Division of the Texas Department of Criminal Justice." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116 (Vernon 2010) (offense of possession of controlled substance in Penalty Group 2); *see also id.* §§ 481.002(5), 481.103 (Vernon Supp. 2015). In regard to the "Degree" of the "Offense Convicted of," the judgment states: "481.116(b) (c)."

Texas Health and Safety Code section 481.116(b) provides that possession of a controlled substance "is a *state jail felony* if the amount of the controlled substance possessed is . . . less than one gram." *Id.* § 481.116(b) (emphasis added). However, section 481.116(c) states that possession of a controlled substance is a *third degree felony* "if the amount of the controlled substance is . . . one gram or more but less than four grams." *Id.* § 481.116(c).

State jail felony offenses are punished pursuant to Texas Penal Code section 12.35, which provides: "[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2015). And third degree felony offenses are punished pursuant to section 12.34, which provides: "An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years." *Id.* § 12.34(a) (Vernon 2011).

Appellant argues that the trial court's judgment in cause number 13997 was not "[]sufficient to prove valid enhancement" because it "leaves open the question as to whether [it] was for a state jail [felony] offense (481.116(b)) or a third degree [felony] offense (481.116(c))." And "[a] [s]tate [j]ail felony under Tex. Penal Code § 12.35(a) cannot be used to enhance a non-state jail offense to habitual status."

Here, however, the trial court's judgment in cause number 13997 clearly indicates that appellant was sentenced to confinement for *four years* in the "Institutional Division of the Texas Department of Justice." This sentence is consistent with a conviction of a third degree felony offense and is double the possible sentence for a conviction of a state jail felony offense under Penal Code section 12.35(a).[7] *See* TEX. PENAL CODE ANN. §§ 12.34(a) (providing for term of imprisonment in "Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years"), 12.35(a) (providing for punishment by "confinement in a state jail for any term of not more than two years or less than 180 days"); *cf. Salazar*, 474 S.W.3d at 837–39 (overruling defendant's complaint State improperly used state jail felony offense for enhancement purposes, and holding evidence legally sufficient to support enhancement, where prior judgment showed

---

[7]     In his brief, appellant concedes that the "actual term of the sentence" "indicate[s] that the judgment was not for a state jail felony."

trial court sentenced defendant to "four years' imprisonment on the prior offense, a sentence double that permitted pursuant to [section] 12.35(a)").

Regardless, appellant argues that the trial court's judgment in cause number 13997, which imposed a sentence of confinement for *four years* in the "Institutional Division of the Texas Department of Justice," could still have been "for a state jail felony" offense, and not a third degree felony offense, because under certain circumstances "a state jail felony c[an] be punished as a third degree felony" pursuant to Penal Code section 12.35(c). *See* TEX. PENAL CODE ANN. § 12.35(c). However, this argument is not persuasive.

Notably, the habitual-offender statute provides only that "[a] previous conviction for a state jail felony offense punishable under *Section 12.35(a)* may not be used for enhancement purposes." *Id.* § 12.42(d) (emphasis added); *see also Campbell v. State*, 49 S.W.3d 874, 877 (Tex. Crim. App. 2001) (section 12.42(d) permits enhancement by use of aggravated state jail felony convictions punished pursuant to section 12.35(c)); *Salazar*, 474 S.W.3d at 838 (important distinction between whether defendant previously punished for state jail felony offense under section 12.35(a) or 12.35(c) because habitual-offender statute "provides that if the prior conviction was pursuant to 12.35(a), it may not be used for enhancement purposes"). And, as noted previously, the trial court's judgment in cause number 13997 clearly indicates that appellant was not punished pursuant to section 12.35(a)

for a state jail felony offense. *See* TEX. PENAL CODE ANN. § 12.35(a) ("[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.").

The evidence establishes that appellant's prior conviction in trial court cause number 13997 was for the third degree felony offense of possession of a controlled substance. Thus, viewing the evidence in the light most favorable to the finding of the trier of fact, we conclude that it could have reasonably found the allegations in the first enhancement paragraph true beyond a reasonable doubt. Accordingly, we hold that the evidence is legally sufficient to support the finding.

We overrule appellant's fourth issue.

## Punishment Evidence

In his third issue, appellant argues that the trial court erred in admitting into evidence, during the punishment phase of trial, State's Exhibit 12B, "a noncertified copy" of the trial court's judgment in cause number 14045, evidencing his prior conviction of the felony offense of delivery of a controlled substance, because the judgment was not properly authenticated.[8] *See* TEX. R. EVID. 901, 902(4).

Again, we review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Rodriguez*, 203 S.W.3d at 841. Here, we need not decide whether the trial court erred in admitting State's Exhibit 12B because, even were we

---

[8] This conviction was not used by the State for enhancement purposes.

to conclude that the trial court so erred, appellant has not shown that he was harmed by the admission of the evidence.

As stated previously, the erroneous admission of evidence constitutes non-constitutional error, which requires reversal only if it affects the substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93–94; *Coble*, 330 S.W.3d at 280; *Solomon*, 49 S.W.3d at 365. "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict," and we will not overturn a criminal conviction for non-constitutional error if, after examining the record, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Barshaw*, 342 S.W.3d at 93–94; *King*, 953 S.W.2d at 271.

At the punishment phase of trial, the State introduced into evidence seven judgments, evidencing appellant's seven prior convictions. State's Exhibit 12A, the trial court's judgment in cause number 13997, establishes appellant's previous conviction for the felony offense of possession of a controlled substance, for which he received a sentence of confinement for four years. State's Exhibit 13, the trial court's judgment in cause number 15158, establishes appellant's previous conviction for the felony offense of theft, for which he received a sentence of confinement for four years. State's Exhibit 14, the trial court's judgment in cause number 14201, establishes appellant's previous conviction for the felony offense of

delivery of a controlled substance, for which he received a sentence of confinement for eight months. State's Exhibit 15, the trial court's judgment in cause number 14918, establishes appellant's previous conviction for the felony offense of delivery of a controlled substance, for which he received a sentence of confinement for 180 days. State's Exhibit 16, the Jefferson County Criminal District Court's judgment in cause number 07-00742, establishes appellant's previous conviction for the felony offense of possession of a controlled substance, for which he received a sentence of confinement for eighteen months. State's Exhibit 17, a federal district court's judgment in cause number 1:01CR00070-001, establishes appellant's previous conviction for the violation of 21 U.S.C. § 860, "[p]ossession [w]ith [i]ntent to [d]istribute [l]ess [t]han 5 [g]rams of [c]ocaine [b]ase [w]ithin 1,000 [f]eet of a [p]ublic [e]lementary [s]chool," for which he received a sentence of confinement for fifty-one months. And State's Exhibit 12B, about which appellant now complains, the trial court's judgment in cause number 14045, which establishes appellant's previous conviction for the felony offense of delivery of a controlled substance, for which he received a sentence of confinement for eight months.

Also during the punishment phase of trial, three law enforcement officers, familiar with appellant, testified that he is "not a law-abiding citizen," has a "very negative" reputation in the community, and is known as a "street-level dealer." They further testified that nothing "good" could be said about him.

The State, during its closing argument at punishment, did briefly refer to appellant's conviction in trial court cause number 14045, as established by State's Exhibit 12B, for the felony offense of delivery of a controlled substance. However, it did so in response to appellant's own argument that he was "a [narcotics] user," "not a dealer." And the State did not, in its argument, single out appellant's conviction in trial court cause number 14045. It referred to appellant's other prior convictions about which he does not complain on appeal. Further, the State generally referred to appellant's known "reputation" as a non-law-abiding citizen. Notably, the State did not place greater weight or emphasis on appellant's conviction in cause number 14045 during its closing argument. And the State did not rely on this previous conviction for enhancement purposes.

Considering the record as a whole, we cannot conclude that the error, if any, of the trial court in admitting State's Exhibit 12B, "a noncertified copy" of the trial court's judgment in cause number 14045, into evidence had a substantial or injurious effect on the jury's decision in punishment. *See Crain v. State*, 373 S.W.3d 811, 816 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (holding any error in admission of evidence of prior conviction harmless where State "introduced evidence of three other extraneous offenses or bad acts"). Accordingly, we hold that the error, if any, of the trial court in admitting State's Exhibit 12B into evidence, was harmless.

We overrule appellant's third issue.

**Modification of Judgment**

We note that the trial court's written judgment does not accurately comport with the record in this case in that it states "N/A," meaning "not applicable," in regard to appellant's "[p]lea to 1st [e]nhancement [p]aragraph" and "[p]lea to 2nd [e]nhancement/[h]abitual [p]aragraph." Further, the judgment states "N/A" in regard to the jury's "[f]indings on 1st [e]nhancement [p]aragraph" and "[f]indings on 2nd [e]nhancement/[h]abitual [p]aragraph." *See Dromgoole v. State*, 470 S.W.3d 204, 226–27 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (judgment incorrectly reflected trial court's finding on enhancement paragraph was "n/a," meaning "not applicable" (internal quotations omitted)).

The record reveals that appellant actually pleaded "Not true" to the allegations in the two enhancement paragraphs that he had been twice previously convicted of felony offenses, and the jury found the allegations in both enhancement paragraphs to be "True."

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). Although neither party addresses the inconsistency between the

25

trial court's written judgment and the record in this case, we, based on our review, conclude that the portion of the judgment regarding appellant's pleas as to the allegations in the two enhancement paragraphs, and the jury's findings, do not accurately comport with the record. *See Asberry*, 813 S.W.2d at 529–30 (authority to correct incorrect judgment not dependent upon request of any party).

Accordingly, we modify the trial court's judgment to reflect that appellant pleaded "Not true" to the "1st [e]nhancement [p]aragraph" and the "2nd [e]nhancement/[h]abitual [p]aragraph." We further modify the trial court's judgment to reflect that the jury found the allegations in the "1st [e]nhancement [p]aragraph" and the "2nd [e]nhancement/[h]abitual [p]aragraph" "True." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (modifying judgment to state defendant pleaded "true" to allegations in enhancement paragraphs).

## Conclusion

We affirm the judgment of the trial court as modified.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).